IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | 1:05-CR-33-3 (WLS) |
| | : | |
| GERARD DAVINCI IRVIN, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**ORDER**

Presently pending before the Court are Defendant Gerard Davinci Irvin, Sr.'s Motion for Reduction of Sentence (Doc. 109) and Defense Counsel's Request for Ruling on Defendant's *Pro Se* Motion (Doc. 117). Defendant's initial Motion for Sentence Reduction (Doc. 109) was filed without the aid of counsel. Defendant's counsel filed the latter motion (Doc. 117) which requested that the Court rule upon Defendant's initial, *pro se* motion.

Section 3582(c)(2) allows a district court to modify a defendant's term of imprisonment where he "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); United States v. Barker, 324 F. App'x 766, 768 (11th Cir. 2009). Any such reduction must also be consistent with the Sentencing Commission's applicable policy statements, which similarly provide that a sentencing reduction is not permitted where the retroactive amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. §1B1.10(a)(2)(B); Barker, 324 F. App'x at 768.

Defendant's *pro se* motion is predicated upon the erroneous belief that pursuant to the Supreme Court's decision in Kimbrough v. United States, 552 U.S. 85 (2007), the amendment to

1

the Sentencing Guidelines for certain cocaine offenses should result in a reduction of his sentence.  Amendment 706 to the Sentencing Guidelines allows a defendant to seek a reduction in his sentence if that sentence was based on the §2D1.1 offense level for crack cocaine offenses.  United States v. Williams, 549 F.3d 1337, 1339 (11th Cir. 2008) (citing U.S.S.G. App. C., Amend. 706).  However, in United States v. Williams, the Eleventh Circuit held that a defendant whose sentence is based on the statutory mandatory minimum sentence, rather than the base offense level in §2D1.1, is ineligible for a sentencing reduction under § 3582(c)(2).  Barker, 324 F. App'x at 768 (citing Williams, 549 F.3d at 1342).

Defendant's sentence was imposed as a result of the statutory mandatory minimum term of 120 months, pursuant to 21 U.S.C. § 841(b)(1)(A)(iii).  Defendant received a sentence of imprisonment of 97 months.[1]  Thus, Defendant's sentence was not based upon the base offense level in §2D1.1.  Under the provisions of the United States Code, the United States Sentencing Guidelines, and Eleventh Circuit precedent, Defendant is ineligible for a sentence reduction pursuant to § 3582(c)(2).  Accordingly, Defendant's Counsel's Motion for Ruling on Defendant's *Pro Se* Motion (Doc. 117) is **GRANTED**.  Defendant's Motion for Reduction of Sentence (Doc. 109) is **DENIED**.

**SO ORDERED**, this 27th day of October, 2009.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**

---

[1] Defendant's sentence was reduced below the mandatory minimum based upon the Government's motion for a downward departure of the sentencing guidelines as provided for in U.S.S.G. §5K1.1